## **§ 362 INFORMATION COVER SHEET**

Jesse Steven Torres, Jr.  
DEBTOR

Case No: 18-50956-btb

MOTION #:

Nationstar Mortgage LLC d/b/a Mr. Cooper  
MOVANT

CHAPTER: 7

---

### *No Attempt to Resolve the Matter Without Court Action (Surrender):*

*Moving counsel hereby states that pursuant to the requirements of LR 4001(a)(2), that no attempt has been made to resolve the matter without court action as the Debtor intends to surrender the property.*

Date: September 19, 2018            Signature: _[signature]_  
                                             Attorney for Movant

---

PROPERTY INVOLVED IN THIS MOTION: 1329 Snowbird Dr, North Pole, Alaska 99705  
NOTICE SERVED ON: Debtor(s)_____; Debtor's counsel_____; Trustee_____;  
DATE OF SERVICE: _____

---

### MOVING PARTY'S CONTENTIONS:

The EXTENT and PRIORITY of LIENS:

1st: $212,320.71  
2nd: _____  
3rd: _____  
4th: _____  
Other: _____  
Total Encumbrances: $212,320.71

APPRAISAL or OPINION as to VALUE: $180,000.00

### DEBTOR'S CONTENTIONS:

The EXTENT and PRIORITY of LIENS:

1st: $_____  
2nd: _____  
3rd: _____  
4th: _____  
Other: _____  
Total Encumbrances: $_____

APPRAISAL or OPINION as to VALUE:

---

### TERMS of MOVANT'S CONTRACT with the DEBTOR(S):

Amount of Note: $204,250.00  
Interest Rate: 3.87500%  
Duration: 30 years  
Payment per Month: $1,353.98  
Date of Default: February 1, 2018  
Amount in Arrears: $10,831.84  
Date of Notice of Default: July 25, 2018  
SPECIAL CIRCUMSTANCES:  
Debtor intends to surrender the Real Property.

SUBMITTED BY: _[signature]_

### DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT:

-  
-  
-  
-  
-  
-  
-  
SPECIAL CIRCUMSTANCES:

SUBMITTED BY: _____  
SIGNATURE: _____

RAYMOND JEREZA (SBN 11823)
rjereza@aldridgepite.com
EDDIE R. JIMENEZ (SBN 10376)
ejimenez@aldridgepite.com
**ALDRIDGE PITE, LLP**
520 South 4th St., Suite 360
Las Vegas, Nevada 89101
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385

**Mailing Address**:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, California 92177-0933

Attorney for *Movant*
Nationstar Mortgage LLC d/b/a Mr. Cooper

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re | Bankruptcy Case No. 18-50956-btb |
|---|---|
| JESSE STEVEN TORRES, JR., | Chapter 7 |
| Debtor. | **MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| | **Hearing**:<br>Date:   October 30, 2018<br>Time:   10:00 A.M. |

Nationstar Mortgage LLC d/b/a Mr. Cooper[1] ("Movant") moves this court for an order terminating the automatic stay of 11 U.S.C. § 362(a) as to the real property located at 1329 Snowbird Dr, North Pole, Alaska 99705 (the "Property"). This motion is supported by the points and authorities cited herein and the record currently before the court.

## I.    FACTUAL AND PROCEDURAL SUMMARY

On or about September 8, 2017, Jesse Torres, Jr. ("Debtor") executed a promissory note in the principal sum of $204,250.00 (the "Note"), which was made payable to SIRVA Mortgage, INC.

---

[1] This Motion for Relief from Automatic Stay shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Aldridge Pite, LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

A copy of the Note is attached hereto as **Exhibit A** and incorporated herein by reference.

The Note is secured by a deed of trust (the "Deed of Trust") encumbering the Property.[2] A copy of the Deed of Trust is attached hereto as **Exhibit B** and incorporated herein by reference.

Movant currently holds possession of the Note, which is specially endorsed to Movant. *See* **Exhibit A**.

The Deed of Trust was assigned to Movant. A copy of the Assignment of Deed of Trust is attached hereto as **Exhibit C** and incorporated herein by reference.

On August 27, 2018, Debtor commenced this case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code.

A default exists under the Loan for failure to make payments due and owing under the Note and Deed of Trust.

As of September 5, 2018, the arrearage owed under the Note and Deed of Trust is as follows:

| **PAYMENTS** | | | |
|---|---|---|---|
| **Number of Payments** | **Payment Amount** | **Payment Dates** | **Total** |
| 8 | $1,353.98 | 2/1/2018 to 9/1/2018 | $10,831.84 |
| **Total Payments as of September 5, 2018:** | | | **$10,831.84** |

An additional payment will come due on October 1, 2018 and on the 1st day of each month thereafter until the Loan is paid in full.

As of September 5, 2018, the total amount owed under the Note is approximately $212,320.71.

As a result of the default under the Note and Deed of Trust, on July 25, 2018, a Notice of Default was recorded against the Property in the Official Records of Fairbanks County, Alaska.

## II.    LEGAL ARGUMENT

**A.    MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(2).**

Section 362(d)(2) provides, in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

---
[2] The Note and Deed of Trust are collectively referred to herein as the "Loan."

        (2)  with respect to a stay of an act against property under subsection (a) of this section, if –

        (A) the debtor does not have any equity in such property; and

        (B) such property is not necessary to an effective reorganization…

11 U.S.C. § 362(d)(2). For purposes of Section 362(d)(2), "equity" is defined as the difference between the value of the property and *all encumbrances upon it*. *Stewart v. Gurley*, 745 F.2d 1194 (9th Cir. 1984) (emphasis added). Section 362(d)(2) reflects Congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, *even where the debtor can provide adequate protection under Section 362(d)(1). In re San Clemente Estates*, 5 B.R. 605, 610 (Bankr.S.D.Cal. 1980) (emphasis added). Since a Chapter 7 case does not contemplate reorganization, the sole issue before the court when stay relief is sought under Section 362(d)(2) is whether the debtor has equity in the property. *See e.g., Nev. Nt'l Bank v. Casbul of Nev., Inc.*, 22 B.R. 65, 66 (9th Cir. BAP 1982); *Ramco Indus. v. Preuss (In re Preuss)*, 15 B.R. 896 (9th Cir. BAP 1981).

Movant is informed and believes, based on the Debtor's sworn bankruptcy schedules, that the fair market value of the Property is approximately $180,000.00.[3] Copies of Debtor's Schedules "A" and "D" are collectively attached hereto as **Exhibit D** and incorporated herein by reference.

Taking into account all of the liens encumbering the Property and the reasonable costs associated with the sale of the Property, Movant maintains that Debtor's and/or the estate's equity in the Property is as follows:

| | |
|---|---:|
| Fair Market Value: | $180,000.00 |
| Less: | |
|   Movant's 1st Trust Deed | $212,320.71 |
|   Costs of Sale (8%) | $14,400.00 |
| Equity in the Property: | $(46,720.71) |

Since there is little to no equity in the Property for the benefit of the bankruptcy estate and this is a Chapter 7 proceeding with no reorganization in prospect, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

---

[3] Pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of Federal Rules of Bankruptcy Procedure, Movant requests that the Court take judicial notice of the Debtor's sworn bankruptcy schedules filed in this case.

**B.    MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1).**

Section 362(d)(1) provides, in pertinent part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

(1) *For cause*, including the lack of adequate protection of an interest in property of such party in interest....

11 U.S.C. § 362(d)(1) (emphasis added). A lack of adequate protection is one example of "cause" for relief from stay. *In re Ellis*, 60 B.R. 432, 435 (9th Cir. BAP 1985). The lack of a sufficient equity cushion and/or a debtor's failure to tender periodic cash payments constitutes a lack of adequate protection. *See* e.g., *In re Mellor*, 734 F.2d 1396 (9th Cir. 1984) (citation omitted).

As previously discussed, Debtor has failed to tender periodic cash payments due and owing to Movant under the Note. Moreover, Movant's interest in the Property is not protected by an adequate equity cushion. Finally, Debtor's Statement of Intention indicates that Debtor intends to surrender the Property in full satisfaction of Movant's secured claim. A copy of Debtor's Statement of Intention is attached hereto as **Exhibit E** and incorporated herein by reference. Based upon the foregoing, Movant submits that Debtor is unable and/or unwilling to provide adequate protection to Movant and, thus, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

### III.    CONCLUSION

For all of the reasons discussed herein, Movant is entitled to relief from the automatic stay of 11 U.S.C. § 362(a). Pursuant to Local Bankruptcy Rule 9014(g), a proposed order is attached hereto as **Exhibit F**.

**WHEREFORE**, Movant respectfully prays for an Order of this court:

1.    Terminating the automatic stay of 11 U.S.C. 362(a) to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property;

2.    Waiving the 14-day stay prescribed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure;

3.    Permitting Movant to offer and provide Debtor with information re: a potential

Forbearance Agreement, short sale, deed in lieu, loan modification, Refinance Agreement, or other loan workout/loss mitigation agreement, and to enter into such agreement with Debtor without further order of the court;

4. Permitting Movant to recover its reasonable attorneys' fees and costs incurred in prosecuting the instant motion by adding these amounts to the outstanding balance due under the Note, as allowed under applicable non-bankruptcy law;

5. That the requirements of Local Bankruptcy Rule 9021 be waived; and

6. Granting Movant such other and further relief as the court deems just and proper.

    Respectfully submitted,

    **ALDRIDGE PITE, LLP**

Dated: September 19, 2018

*[signature]*
RAYMOND JEREZA
Attorney for *Movant* NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER