## * * § 362 INFORMATION COVER SHEET * *

| | | |
|---|---|---|
| JESSE STEVEN TORRES, JR. | 18-50956-btb | 1 |
| DEBTOR | Case No: | MOTION #: |
| QUICKEN LOANS INC., ITS | | |
| SUCCESSORS AND/OR ASSIGNS | CHAPTER: 7 | |
| MOVANT | | |

*Certification of Attempt to Resolve the Matter Without Court Action:*
*Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.*
*Date:* September 20, 2018              *Signature:*  /s/ Charles L. Kennon III
                                                                      *Attorney for Movant*

PROPERTY INVOLVED IN THIS
MOTION:                              1365 N 380 E, TOOELE,  UTAH  84074
                                              ; Debtor's
NOTICE SERVED ON:Debtor        X        counsel              X           ; Trustee         X         ;
DATE OF SERVICE: September 20, 2018

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st  $121,259.80 | 1st |
| 2nd | 2nd |
| 3rd | 3rd |
| 4th | 4th |
| Other: | Other: |
| Total Encumbrances:   $121,259.80 | Total Encumbrances: |
| | APPRAISAL of OPINION as to VALUE: |
| APPRAISAL of OPINION as to VALUE: | |
| $254,000.00 (per Schedule D) | |

| TERMS of MOVANT'S CONTRACT with the DEBTOR: | DEBTOR OFFER of "ADEQUATE PROTECTION" for MOVANT: |
|---|---|
| Amount of Note: $146,800.00 | . |
| Interest Rate:  Currently 3.50% | . |
| Duration:  15 years | . |
| Payment per Month: $1,212.57 | . |
| Date of Default:  N/A. | . |
| Amount in Arrears:  $0.00 | . |
| Date of Notice of Default:  N/A | . |
| SPECIAL CIRCUMSTANCES: Debtor has surrendered the Property (Docket No.: 1.) | SPECIAL CIRCUMSTANCES: |
| SUBMITTED BY:        /s/ Charles L. Kennon III | SUBMITTED BY: |
| | SIGNATURE |
| Charles L. Kennon III | : |

1

Weinstein & Riley, P.S.
Charles L Kennon III, Nevada Bar No.: 7772
6785-4 S. Eastern Avenue
Las Vegas, NV 89119
Telephone: 702-507-6405
Facsimile: 702-977-9820
Email: CharlesK@w-legal.com
Attorney for Movant

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>JESSE STEVEN TORRES, JR.,<br><br>                        Debtor. | Bankruptcy Case No.: 18-50956-btb<br>Chapter: 7<br><br>**MOTION OF QUICKEN LOANS INC., ITS SUCCESSORS AND/OR ASSIGNS FOR RELIEF FROM AUTOMATIC STAY**<br>(11 U.S.C. § 362 and Bankruptcy Rule 4001)<br><br>Date: October 30, 2018<br>Time: 10:00 a.m. |

NOW COMES, Quicken Loans Inc., its successors and/or assigns ("Movant") who moves this court for an order terminating the automatic stay of 11 United States Code § 362 as to Movant, so that Movant may commence and continue all acts necessary to enforce its security interest in real property generally described as 1365 N 380 E, Tooele, UT 84074 (the "Real Property"). Attached are redacted copies of the promissory note, properly recorded mortgage and assignment. Redacted copies of documents that support the claim, such as purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements in support of right to seek relief from the automatic stay and foreclose if necessary are available upon request.

On or about August 27, 2018, Jesse Steven Torres, Jr. ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code, and Marianne Eardley was appointed as Chapter 7 Trustee ("Trustee"). As a result of said filing, certain acts and proceedings against Debtor and the bankruptcy estate are stayed as provided in 11 United States Code §362.

Movant moves this court for relief from stay under 11 U.S.C. § 362(d)(1).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### FACTUAL BACKGROUND

On or about June 29, 2015, Jesse S. Torres, Jr. and Esther M. Torres, for valuable consideration, made, executed and delivered to Mortgage Electronic Registration Systems, Inc., as nominee for Quicken Loans Inc., its successors and/or assigns ("Lender") a Promissory Note in the original principal sum of $146,800.00 (the "Note"). Pursuant to the Note, Jesse S. Torres, Jr. and Esther M. Torres are obligated to make monthly principal and interest payments commencing September 1, 2015, and continuing until August 1, 2030, when all outstanding amounts are due and payable. The Note provides that, in the event of default, the holder of the Note has the option of declaring all unpaid sums immediately due and payable. A copy of the Note is attached hereto as Exhibit A and incorporated herein by reference.

Subsequently, Lender endorsed the Note in blank, thereby converting the Note to a bearer instrument. As Movant is currently in rightful possession and control of the endorsed in blank Note, Movant qualifies as the Note holder with standing to prosecute the instant Motion.

On or about June 29, 2015, Jesse S. Torres, Jr. and Esther M. Torres made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in real property commonly described as 1365 N 380 E., Tooele, UT 84074 (the "Real Property"), which is more fully described in the Deed of Trust. The Deed of Trust was recorded on July 9, 2015, with the office of the Tooele County Recorder, State of Utah. A copy of the Deed of Trust is attached hereto as Exhibit B and incorporated herein by reference. On September 7, 2018, the Deed of Trust was assigned to Movant. A copy of the recorded assignment is attached hereto as Exhibit C and incorporated herein by reference.

As of this Motion date, the unpaid principal balance on the Note is $122,542.91 and the total amount currently owed is approximately $121,259.80, including $58.75 in interest accruing at a daily rate of 3.50% with ($1,341.86) in escrow balance, excluding the post-petition attorneys'

fees and costs incurred in filing the instant Motion. This is an approximate amount for purposes of this Motion only and should not be relied upon as such to pay off the subject loan as interest, and additional advances may come due subsequent to the filing of the Motion. An exact payoff amount can be obtained by contacting Movant's counsel.

According to Debtor's schedules, the Property has a value of $254,000.00 (Docket No.: 1.)

Additionally, on or about August 27, 2018, according to Debtor's Statement of Intention filed with the Petition, the Debtor has indicated an intent to surrender of the Collateral (Docket No.: 1). The last payment received by Movant was received on August 31, 2018  and applied to the obligation due as of September 1, 2018. An additional payment of $1,212.57 will come due on the 1st day of October, 2018 and the 1st day of each month thereafter.

## II.
## MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 UNITED STATES CODE § 362(d)(1).

## CAUSE - LACK OF ADEQUATE PROTECTION

Bankruptcy Code § 362(d) provides for relief from the automatic stay upon the request of a party in interest on either of two grounds: (1) for cause, including lack of adequate protection of an interest in the property; or (2) the Debtor has no equity in the property and the property is not necessary for an effective reorganization of the Debtor. Because this is a Chapter 7 case, the property is not necessary for an effective reorganization of the Debtor affairs. See, e.g., *In re Vicente*, 446 B.R. 22, 32 (Bankr. D. Mass. 2011).

Even if there is equity in Property, Movant is not adequately protected.   Stay relief may be granted by the Court pursuant to 11 U.S.C. § 362(d)(1), for cause, including where the Creditor's interest in the property is not adequately protected as Debtor has indicated an intent to surrender of the Collateral and thus cease making the contractual payments and therefore cause exists for granting of the motion for relief pursuant to 11 U.S.C. §362.

By reason of the foregoing, Movant is entitled to relief from stay under 11 United States Code § 362(d)(1), based upon the failure of Debtor to provide adequate protection to Movant.

Pursuant to Local Rule 9014(g), a proposed order is attached hereto as Exhibit D.

## IV.
## EFFORTS TO RESOLVE THE MATTER WITHOUT LITIGATION

On September 7, 2018, Movant's counsel sent e-mail message to Debtor counsel seeking an amicable resolution of this matter. Movant's counsel has not heard from Debtor's counsel.

WHEREFORE, Movant respectfully prays for an Order of this court as follows:

1.      Terminating the automatic stay of 11 United States Code § 362, as it applies to the enforcement by Movant of all of its rights in the Real Property under the Note and the Deed of Trust;

2.      That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

3.      Granting Movant leave to foreclose on the Real Property and to enforce the security interest under the Note and the Deed of Trust, including any action necessary to obtain possession of the Property;

4.      Permitting Movant to offer and provide Debtor with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement or other Loan Workout/Loss Mitigation Agreement, and to enter into such agreement with Debtor;

5.      Alternatively, in the event this court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued, requiring the Debtor to reinstate and maintain in a current condition all obligations due under the Note and Deed of Trust and all other deeds of trust encumbering the Real Property, including Debtor obligations to pay when due (a) the monthly installments of principal and interest, as required under the Note; (b) tax/insurance obligations; and (c) any sums advanced by Movant on behalf of Debtor in order to protect Movant's interest in the Real Property, including all attorneys' fees and costs incurred in the filing of this motion;

6.       That the attorneys' fees and costs incurred by Movant for filing the instant Motion be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law;

7.       That the requirements of Local Rule 9021 be waived; and

8.       For such other and further relief as the court deems just and proper.

Dated: September 20, 2018                    Weinstein & Riley, P.S.

By:  /s/ Charles L Kennon III

Charles L Kennon III, Nevada Bar No: 7772
6785-4 S. Eastern Avenue
Las Vegas, NV 89119
Phone: 702-507-6405
Fax: 702-977-9820
Email: CharlesK@w-legal.com
Attorney for Movant